UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALBERT BOBO JOHNSON,

       Petitioner,

  - against -             09 Civ. 1510 (RMB) (FM)

ERIC H. HOLDER, JANET NAPOLITANO,  **DECISION & ORDER**
CHRISTOPHER SHANAHAN, and EDWARD
REILLY,

       Respondents.
------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 22 June 2009

**I. Background**

On February 19, 2009, Albert Bobo Johnson ("Petitioner"), a citizen of Liberia, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"), challenging his detention by United States Immigration and Customs Enforcement ("ICE") at Varick Federal Detention Center ("Varick") in New York, New York and seeking his "immediate release . . . from custody." (Pet. for Writ of Habeas Corpus, dated Jan. 5, 2009 ("Pet."), at 6.) At the time his Petition was filed, Petitioner was awaiting removal to Liberia. (See Pet. ¶ 21.)

On April 27, 2009, United States Magistrate Judge Frank Maas, to whom the matter had been referred, issued a report and recommendation ("Report"), recommending that the Petition "be dismissed as moot" because Petitioner "is no longer at Varick"; "is a fugitive"; and the Petition "seeks only release-related relief." (Report at 2.) Judge Maas was apprised of Petitioner's status when a notice, which Judge Maas mailed to Petitioner at Varick, "was returned with the notation that Johnson was no longer there," (Id.), and Judge Maas was apparently informed by ICE that Petitioner was a "fugitive." (Id.)

Although the Report advises that "[t]he parties shall have ten days from the service of

this [Report] to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure," (Id. at 2–3), to date neither party has filed objections.

**For the reasons set forth below, the Court adopts the Report in its entirety and dismisses the Petition.**

II.     **Standard of Review**

The Court may adopt those sections of a magistrate judge's report to which no objections have been made and which are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007).

Where, as here, a petitioner is proceeding pro se, the court will "read his supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

III.    **Analysis**

The facts as set forth in the Report are incorporated herein by reference. A review of the Report shows that Judge Maas's recommendation is neither clearly erroneous nor contrary to law. See Santana, 476 F. Supp. 2d at 302.

A "habeas corpus petition seeking release from [federal] custody is moot when the petitioner is no longer in [federal] custody." Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001); see Clark v. Dalsheim, 663 F. Supp. 1095, 1096 (S.D.N.Y. 1987) ("While the federal courts possess jurisdiction over actions commenced by fugitives from justice, typically courts will dismiss such actions before reaching the merits of the fugitive's claim."); see also Nelson v. Cozza-Rhodes, No. 05 Civ. 60128, 2006 U.S. Dist. LEXIS 742, at *2–3 (E.D. Mich. Jan. 11, 2006).

2

## IV. Conclusion and Order

For the reasons stated in the Report and herein, the Court adopts the Report in its entirety and dismisses the Petition [#1]. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      June 22, 2009

*Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**